JOHNSON, Justice,
dissents.
Li respectfully disagree with the majority’s decision to reverse the ruling of the court of appeal and reinstate the trial court’s decision to grant the State’s motion for summary judgment.
In analyzing whether the State of Louisiana is the Plaintiffs employer under the Louisiana Employment Discrimination Law, LSA-R.S. 23:302 provides in pertinent part that:
(1) “Employee” means an individual employed by an employer.
(2) “Employer” means a person, association, legal or commercial entity, the state, or any state agency, board, com *833 mission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding....
The abovementioned statute provides that there are two requirements needed to be classified as an “employer,” i.e., the entity must receive services and give compensation. In this matter, Plaintiff was hired or appointed as a minute clerk by Judge Lloyd Medley, a member of the state’s judiciary, and received compensation from the Court’s Judicial Expense Fund for her duties which expedited the | .¿functioning of the Civil District Court.
Pursuant to LSA-Const. Art. 5, Sec. 1, the judicial power of the state is constitutionally vested in the courts. I agree with the appellate court’s determination that the judiciary, although a separate branch of state government, is an agency of the state. The judges created the Judicial Expense Fund, by statute to collect fees, and pay the salaries of employees, and other expenses of operating the civil courts. According to LSA-R. S. 13:1211, “each judge of Civil District Court shall appoint one minute clerk, who shall be sworn as deputy clerk, and shall receive a salary as the court en banc may fix.”
The Judicial Expense Fund is controlled and disbursed by the judges of Civil District Court en banc. Contrary to the representations made, the Civil Court’s Judicial Expense Fund employs more than 25 persons, and would be subject to a claim for discrimination under LSA-R.S. 23:302 and LSA-R.S. 23:341(A). The source of the funds should not be the determining factor in deciding whether Plaintiff is a state employee. The State argues that Plaintiffs claim is defeated because she was paid with self generated filing fees, rather than with monies from the State Treasury. In my view, Plaintiff provided services for a state agency, and was therefore a state employee, despite the fact that she was paid directly by the Judicial Expense Fund.